

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2003

# Messmer v. Colors In Bloom Inc

Precedential or Non-Precedential: Non-Precedential

Docket 02-2317

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Messmer v. Colors In Bloom Inc" (2003). *2003 Decisions.* Paper 528.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/528

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2317

BERNARD E.. MESSMER,
Appellant

v.

COLORS IN BLOOM, INC;
FRANCES LOIZES;
JAMES LOIZES

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 99-cv-01876)
District Judge:  Honorable Robert J. Cindrich

Submitted Under Third Circuit LAR 34.1(a)
May 13, 2003

Before:  RENDELL, SMITH and ALDISERT, Circuit Judges.

(Filed: May 28, 2003)

OPINION OF THE COURT

RENDELL, Circuit Judge.

    Bernard E. Messmer filed an action under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 et seq., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons.

Stat. § 333.101 et seq., against Colors in Bloom, Inc., Frances Loizes, President of Colors

in Bloom, and James Loizes, her husband, claiming entitlement to unpaid overtime compensation, liquidated damages, court costs, and attorney's fees. After hearing two days of testimony, the District Court determined that he was an administrative employee and was not entitled to relief. For the reasons that follow, we will affirm.

As we write solely for the parties, our recitation of the facts will be brief. Colors in Bloom is a retail flower shop owned by Frances Loizes. Her husband, James Loizes, does not have an ownership in the shop but occasionally helps his wife with the operations. In March 1998, Messmer was hired as a "manager/head designer" for the shop. His primary duties were the management and general business operations of the store, and his secondary duty was to design floral arrangements. He was paid $500 weekly for the first six months and then $600 weekly thereafter plus additional bonus compensation during busy holidays, but was not paid for overtime.

In November 1998, Colors in Bloom terminated Messmer's employment because of a problem while he was servicing a wedding. However, Messmer was rehired one week later and paid $600 as "courtesy pay" to make up for his week off. In January 1999, Mrs. Loizes learned more details about the problem at the wedding and deducted $224 from Messmer's pay, representing the cost of the inventory demanded by the wedding customer.

Messmer was terminated permanently in May 1999. He then filed claims under the FLSA and the PMWA for overtime compensation.[1] After hearing testimony, the District

---

[1] The District Court stated that the standards of liability for the federal and state acts are the same and addressed only the federal act in its discussion. In their briefs, the parties

Court dismissed the complaint with respect to James Loizes because he was not an employer, dismissed the complaint with respect to Colors in Bloom and Frances Loizes because Messmer was an exempt administrative employee, and ordered Colors in Bloom to reimburse Messmer the $224 that had been deducted from his salary. Messmer appeals, alleging that the District Court erred in holding that he was an exempt administrative employee and that James Loizes was not an employer.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we exercise jurisdiction under 18 U.S.C. § 1291. We review the District Court's findings of fact for clear error and its conclusions of law de novo. Martin v. Selker Bros., Inc., 949 F.2d 1286, 1292 (3d Cir. 1991).

Workers employed in a bona fide administrative capacity are exempt from the overtime compensation provision of the FLSA. See 29 U.S.C. § 213(a)(1); Auer v. Robbins, 519 U.S. 452, 454 (1997). To be exempt, an employee must "earn a specified minimum amount on a 'salary basis'" and also perform duties of an administrative nature. Auer, 519 U.S. at 455. To be administrative, the work must be related to management policies or general business operations and require the employee to exercise independent judgment and discretion. 29 C.F.R. § 541.2. An employee will not be regarded as exempt if he is "covered by a policy that permits disciplinary or other deductions in pay as a practical matter," that is, where "there is either an actual practice of making such deduction

do not contest this characterization, and in fact only discuss the federal standard, therefore we will do the same.

3

or an employment policy that creates a 'significant likelihood' of such deductions." Auer, 519 U.S. at 461 (internal quotations omitted). However, if such a deduction is made either inadvertently or "for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions." 29 C.F.R. § 541.118(a)(6).

The District Court found that Messmer was paid on a salary basis, that he was required to exercise independent judgment, that his claims of overtime work were not credible, and that the $224 deduction in pay arose in unique circumstances and was not for lack of work. The Court then held that Messmer was an exempt administrative employee and ordered Colors in Bloom to reimburse Messmer the $224 to maintain his exempt status. The Court made extensive findings of fact, and we find that those findings are not clearly erroneous, and that the Court properly applied the law to those facts.

Regarding James Loizes, the Court found that he was not Messmer's employer since he did not own any stock in Colors in Bloom, never worked as an employee of the shop, and never held any positions as officer or director. The Court found that he visited the shop to collect receipts and assisted his wife with operations during her illness. These findings are not clearly erroneous. Furthermore, the Court's conclusion that James Loizes was not an employer under the "economic realities test," see Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947), is not in error.

For the foregoing reasons, we will affirm the order of the District Court dismissing the complaint.

4

_____

5

TO THE CLERK OF COURT:

Please file the foregoing not precedential opinion.

_____
Circuit Judge

Dated: